IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BRYAN O'NEIL WHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>D. PARKS WHITE, *et al.*,<br><br>    Defendants. | No. 3:23-cv-00097-CDL-CHW<br><br>Proceedings Under 42 U.S.C. §1983<br>Before the U. S. Magistrate Judge |

## ORDER

*Pro se* Plaintiff Bryan O'Neil White, an inmate at Madison County Jail in Danielsville, Georgia, has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) and now a certified copy of his inmate account statement (ECF No. 7).

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears that Plaintiff is unable to prepay the full cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month

period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that during his incarceration at the Madison County Jail, Plaintiff has had an average deposit amount of $55.97. ECF No. 7 at 2. Twenty percent of his average deposit amount is $11.19. **Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of $11.19.**

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee

is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff is a pretrial detainee awaiting trial for state criminal charges that are pending in the Madison County Superior Court. ECF No. 1 at 3 and 5. Plaintiff complains that his indictment pending against him contains errors including his name, the amount of drugs he actually possessed, and "incorrect identification of a firearm found". *Id*. at 5. Plaintiff requests a "full investigation in these matters", "termination of employment plus prosecution of anybody involved with the violation of [his] constitutional rights", and damages. *Id*. at 7.

Plaintiff's complaint in its present form is not sufficient to establish a claim under 42 U.S.C § 1983. First, Plaintiff has named Defendants that are otherwise unactionable in his § 1983 claim. To any extent the Plaintiff is attempting to establish a claim against the prosecutors, Defendants White and Lee, who are overseeing his prosecution, the law is clear: "'in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.'" *Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Plaintiff has further named his Public Defender, Alice Buttons, as a Defendant. ECF No. 1 at 1 and 4-5. 42 U.S.C. § 1983 only applies to civil rights violations committed by individuals acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1581

4

(11th Cir. 1995). A criminal defense attorney, whether privately retained or court appointed, does not act on behalf of the State. *Polk Cty. v. Dodson*, 454 U.S. 312, 318-25 (1981); *Pearson v. Myles,* 189 F. App'x 865, 866 (11th Cir. 2006); (holding that Public Defenders, though often paid by the government and appointed by a judicial officer, are not viewed as state actors for the purpose of § 1983 when performing the traditional functions as counsel to a defendant in a criminal proceeding). Lastly, Defendant Madison County Jail is an entity and not a "person"; therefore, it is not generally subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (advising that "sheriff's departments and police departments are not usually considered legal entities subject to suit ..."); *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016) (dismissing § 1983 claims against Riverbend Correctional Facility); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

    Even if Plaintiff had properly linked his allegations to otherwise actionable Defendants, the principles of equity, comity, and federalism counsel federal abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (concluding that "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there

is an adequate opportunity in the state proceedings to raise constitutional challenges."); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (concluding that federal courts consistently abstain from interfering in state criminal prosecutions unless a limited exception applies).   Here, Plaintiff appears to be raising claims based upon the way his criminal charges have been prosecuted and indicted.  *See* ECF No. 1 at 5-6.  Because a ruling in this federal civil case could impugn the current criminal prosecution of the Plaintiff in the state courts, the district court must allow the state court to resolve the criminal prosecution of the Plaintiff prior to any enquiry into Plaintiff's civil rights violation claims.  *Wallace v. Kato,* 549 U.S. 384, 393-394 (2007) (concluding that if a plaintiff files a claim related to rulings that *will likely be made* in a pending or anticipated criminal trial, a district court may stay the civil action until the criminal case has ended); *Younger*, 401 U.S. 37 at 46 (finding that the fact that a plaintiff must endure a state criminal prosecution fails to demonstrate the irreparable harm required for federal court intervention).

     Finally, Plaintiff appears to be requesting that this Court investigate his allegations that the jail and prosecutors have gotten his name wrong and have made errors within his indictment and then terminate the employment of the Defendants and prosecute them.  ECF No. 1 at 7.  The United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions.  *Otero v. U. S. Attorney Gen.,* 832 F.2d 141, 141 (11th Cir. 1987); *see also Bennett v. Hall*, 2010

WL 4024006 at *2 (M.D. Ga. Sept. 13, 2010).   This Court also has no authority under § 1983 to order the termination of employment of any state or county employee.  *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978); *Bush v. Camp*, 1:11–CV–64, 2011 WL 2457909 at * 2 n.1 (M.D.Ga. May 23, 2011). The issue of whether the prosecutors and public defender named by the Plaintiff should be employed within their respective offices is strictly a matter for their employers and not for this Court to decide.

For the reasons set forth, this Court may dismiss Plaintiff's complaint *sua sponte* for failure to state a claim for which relief may be granted.   However, because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is required to submit an amended complaint if he wishes to proceed with his claims.  The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit.   Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.   Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights.

 It is also recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

7

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) *How* and *when* did this defendant learn of the violation of your constitutional rights or otherwise become aware of a substantial risk that you could suffer an injury? *What* did this defendant do (or not do) in response to this knowledge?

(4) What relief do you seek from this Defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Lastly, because this is a claim related to the arrest and detention of the Plaintiff, he must make it clear to the Court the state criminal charges for which he is charged and whether these charges are still pending against him or if they have otherwise been resolved by a dismissal, trial, or other court proceeding.

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. Meaning, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. If Plaintiff fails to link a named Defendant to a

claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. *The complaint must be no longer than ten (10) pages in its entirety.* Plaintiff is not to include any exhibits or attachments.

## CONCLUSION

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his complaint on the Court's standard § 1983 form as instructed, and (2) pay the partial initial filing fee of $11.19. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 26th day of October, 2023.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge
